IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ONEITA STEELE, | ) |
| | ) |
|    Appellant, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0707-WS-C |
| | ) |
| DWAYNE LAROY HEARD, | ) |
| | ) |
|    Appellee. | ) |

**ORDER**

     This bankruptcy appeal comes before the Court on appellant's Motion to Supplement/ Amend Record and Issues on Appeal (doc. 6). Appellee has filed an Objection (doc. 7) to the Motion.

     The only authority cited by appellant for her Motion to supplement the record and revise her statement of issues on appeal is Rule 8006, Fed.R.Bankr.P. But nothing in Rule 8006 provides for supplementation of the record or amendment of the issues on appeal in this manner; moreover, Rule 8006 sets a strict deadline for designation of the record and statement of issues to be filed within 14 days after filing of the notice of appeal. Appellant filed her Notice of Appeal way back on September 10, 2012, and an Amended Notice of Appeal on September 24, 2012. As such, her 14-day window for designating the record and issues on appeal expired many weeks ago, yet appellant seeks to amend the issues and supplement the record practically on the eve of her deadline for filing her principal brief on appeal. She identifies no rule or case law that would permit her to do so.

     Persuasive case authorities have declined to allow the kind of untimely supplementation/amendment that appellant seeks here. *See, e.g., In re Vencor Inc.*, 2004 WL 843283, *2 (3rd Cir. Apr. 21, 2004) (explaining that Rule 8006 has "no provision for a 'Corrected' Designation" and that "the appellant is only permitted to file an additional designation if the appellee has filed a cross appeal," such that where no such cross appeal existed, "Appellants were not permitted to file the Corrected Designation of Record and

Clarification of Issues on Appeal"); *In re Schmitz*, 436 B.R. 110, 112 (Bankr. W.D. Wis. 2010) (recognizing that Rule 8006 does not provide for litigant to edit the statement of issues in the absence of a cross-appeal, and further noting that appellee "has not pointed to caselaw supporting its ability to edit the statement of issues in the absence of a cross-appeal, and I find none").

For all of the foregoing reasons, appellant's Motion to Supplement/Amend Record and Issues on Appeal (doc. 6) is **denied**.

DONE and ORDERED this 5th day of December, 2012.

                                            s/ WILLIAM H. STEELE
                                            CHIEF UNITED STATES DISTRICT JUDGE